UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LONI NICOLE GRANGER et al., <br><br> Plaintiff, <br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION et al., <br><br> Defendants. | CASE NO. 2:24-cv-01946-LK <br><br> ORDER DENYING MOTIONS AND DISMISSING COMPLAINT |

This matter comes before the Court sua sponte. On December 4, 2024, United States Magistrate Judge Michelle L. Peterson granted pro se Plaintiffs Loni Nicole Granger and Casey Michael Granger's application to proceed in forma pauperis ("IFP") and their complaint was posted on the docket. Dkt. Nos. 4–5. Summons have not yet been issued. Having reviewed the complaint, the record, and the applicable law, the Court declines to issue summons and, for the reasons set forth below, dismisses Plaintiffs' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court also denies Plaintiffs' motion for protection, motion for discovery, application for court-appointed counsel, motion to seal, and motion to compel. Dkt. Nos. 6–7, 9–10, 12.

## I. BACKGROUND

On December 4, 2024, Plaintiffs filed a *pro se* complaint in this Court against Defendants Federal Bureau of Investigation ("FBI") and Jacob Danesi, who is allegedly the Sheriff of Galveston County, Texas. Dkt. No. 5 at 2. Plaintiffs bring a Section 1983 claim against Defendants, asserting violations of 18 U.S.C. §§ 241 and 242. *Id.* at 5. Plaintiffs also purport to bring a *Bivens* claim against the FBI. *Id.* at 5–6.

From what the Court can discern from Plaintiffs' complaint, they appear to allege that despite numerous requests, the FBI refused to provide assistance to them even though they claimed (and continue to claim) that they are being threatened by certain individuals, including Danesi. *See, e.g.*, *id.* at 6, 10, 11. Plaintiffs allege that the events giving rise to their claims began in October 2019 and have continued to the present day, and occurred in several cities in Texas (including Alvin, Santa Fe, La Marque, and Galveston), as well as in Seattle, Washington. *Id.* at 6.

After the Court granted their motions for leave to proceed *in forma pauperis*, Dkt. No. 4; *see also* Dkt. Nos. 1–2, Plaintiffs filed several motions, including a motion for protection, a motion for discovery (including a supplement), an application for court-appointed counsel, a motion to seal, and motion to compel. Dkt. Nos. 6–10, 12.

## II. DISCUSSION

### A. Legal Standard

The Court must dismiss a case when the plaintiff is proceeding IFP "at any time" if it determines that the complaint is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The standard for determining whether a plaintiff has failed to state a claim under Section 1915(e) is the same as the standard applied under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal under Rule

12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Although the Court construes pro se complaints liberally, *see Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003), such complaints must still include "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). A plaintiff's pro se status does not excuse compliance with this bedrock requirement. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000) (explaining that the lenient pleading standard does not excuse a pro se litigant from meeting basic pleading requirements); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (although the court has an obligation to liberally construe pro se pleadings, it "may not supply essential elements of the claim that were not initially pled" (quoting *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982))). Rule 8(a)'s standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In addition, federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that the Court can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019). The typical bases for federal jurisdiction are established where (1) the complaint presents a federal question "arising under the Constitution, laws, or treaties of the United States" or (2) where the parties are diverse (e.g., residents of different states) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The Court must

dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction" over a case. Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

**B.     Plaintiffs' Complaint Fails to State a Federal Cause of Action**

Plaintiffs filed their complaint using a form intended for alleged civil rights violations made pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Dkt. No. 5 at 1, 4–6. Because Plaintiffs indicate that they are bringing both a Section 1983 action and a *Bivens* action, *id.* at 4–6, the Court assumes Plaintiffs are asserting federal question jurisdiction. However, they have failed to establish jurisdiction under either theory. *See Taylor v. Lai*, No. C13-1425-JLR, 2013 WL 6000068, at *3 (W.D. Wash. Nov. 12, 2013) ("The mere mention of 42 U.S.C. § 1983 and particular constitutional provisions does not establish jurisdiction where the complaint on its face discloses the absence of an essential element of such a claim." (cleaned up)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The FBI is not "a person" susceptible of suit under Section 1983, so Plaintiffs' Section 1983 claim against the FBI is dismissed with prejudice. *See Norman v. White House*, No. 22-CV-05154-JSC, 2022 WL 4468276, at *3 (N.D. Cal. Sept. 26, 2022). Plaintiffs do not allege that Denesi was acting under color of state law, nor do they allege that he participated in any deprivation of their constitutional rights. *See, e.g.*, *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (explaining that a plaintiff must allege that each defendant personally participated in the conduct alleged to have violated his constitutional rights). Instead, Plaintiffs only allege that he violated 18 U.S.C. §§ 241 and 242, which are criminal statutes. To the extent Plaintiffs are

attempting to institute criminal charges against Defendants, they cannot do so, as only a United States Attorney can initiate a criminal prosecution in federal court. *See Rhodes v. Robinson*, 399 F. App'x 160, 165 (9th Cir. 2010) (citing *Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964) (per curiam)). Such criminal law claims are dismissed with prejudice.

Plaintiffs' *Bivens* claim is also without basis. "*Bivens* created a remedy for violations of constitutional rights committed by federal officials acting in their individual capacities." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). "[A] Bivens action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." *Daly–Murphy v. Winston,* 837 F.2d 348, 355 (9th Cir.1987). Thus, a plaintiff may not bring a *Bivens* claim against a federal agency such as the FBI. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484–85 (1994). Plaintiffs' *Bivens* claim against the FBI is therefore dismissed with prejudice.

Furthermore, to the extent the relief Plaintiffs seek is premised on the notion that the FBI had a non-discretionary duty to help them, they have not identified a legal basis for such relief. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196–97 (1989) ("[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual"; accordingly, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."); *Piechowicz v. United States*, 885 F.2d 1207, 1214 n.9 (4th Cir. 1989) (holding that *DeShaney* "applies equally in a suit against the United States, given the Supreme Court's essentially identical interpretations of the concept under the [Fifth and Fourteenth] [A]mendments"); *see also Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988) (discussing when the discretionary function exception bars a suit for tortious conduct against the government).

ORDER DENYING MOTIONS AND DISMISSING COMPLAINT - 5

Plaintiffs' complaint therefore fails to state either a Section 1983 claim or a *Bivens* claim. Accordingly, the Court dismisses Plaintiffs' complaint.

The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). Because amendment *may* be possible with respect to certain claims, the Court grants leave to file an amended complaint. However, this Order limits Plaintiffs to the filing of an amended complaint that attempts to cure the specific deficiencies identified in this Order. They may not reallege the claims that have been dismissed with prejudice against the FBI and Danesi. If Plaintiffs choose to file an amended complaint, they are cautioned that they must clearly identify the basis for this Court's subject matter jurisdiction. They must also clearly identify the basis for venue in the Western District of Washington. *See* 28 U.S.C. § 1391(b); *see also, e.g.*, *Adeyinka v. First Jud. Dist. of Pa.*, No. 3:23-cv-01333-HZ, 2023 WL 6248840, at *2 (D. Or. Sept. 26, 2023).

Plaintiffs' motions for protection and discovery, Dkt. Nos. 6–7, as well as their motion to compel, Dkt. No. 12, are also dismissed as moot.

## C.   Plaintiffs' Application for Court-Appointed Counsel is Denied

Plaintiffs also request that the Court appoint counsel to represent them because they "do not know where to find or obtain the proper attorney" and do not have "time for the time frame of 12/30/2024." Dkt. No. 9 at 2–3. These circumstances, however, do not entitle them to court-appointed counsel. "Unlike in criminal cases that implicate the Sixth Amendment right to counsel, civil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). This is true even for Section 1983 actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

   The Court does have authority pursuant to 28 U.S.C. § 1915(e)(1) to "request" appointment of counsel for litigants proceeding *in forma pauperis* in "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). However, this statute "does not actually authorize the court to force a lawyer to take a case." *Sifuentes v. Nautilus, Inc.*, No. C21-5613-JLR, 2022 WL 1014963, at *1 (W.D. Wash. Apr. 5, 2022) ("Nor does the court have staff attorneys standing by to represent *pro se* litigants."); *see also Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307 (1989) (Section 1915(e) does not authorize compulsory appointments); *Dragasits v. Rucker*, No. 18-CV-0512-WQH-AGS, 2021 WL 4710854, at *2 (S.D. Cal. Oct. 8, 2021) ("[T]he statutory authority to recruit civil counsel" does not allow the Court to "force attorneys to represent an indigent civil litigant."). And the exceptional circumstances inquiry requires the Court to consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1986). Neither consideration is dispositive, and the Court must view them together. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

   Neither consideration weighs in Plaintiffs' favor. First, the Court cannot weigh the merits of their claims on the undeveloped, limited record before it. *See, e.g.*, *Sam v. Renton Sch. Dist.*, No. C21-1363-RSM, 2021 WL 4952187, at *1 (W.D. Wash. Oct. 25, 2021) ("The Court cannot conclude on this thin record whether these claims have a strong likelihood of success on the merits."). And Plaintiffs have not otherwise provided any compelling arguments or evidence that this case is likely to succeed on the merits. *See Ralls v. Facebook*, No. C16-0007-JLR, 2016 WL 10591399, at *2 (W.D. Wash. Apr. 25, 2016). Second, this case does not appear to present the type of legally or factually complex issues that would preclude Plaintiffs from adequately articulating their claims pro se. "[A] litigant must meet a high bar to show that the legal issues involved are sufficiently complex, and that he is therefore impeded in his ability to present his case." *Siglar v.*

ORDER DENYING MOTIONS AND DISMISSING COMPLAINT - 7

*Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020). As discussed above, Plaintiffs allege both a Section 1983 and *Bivens* claim, neither of which are "exceptionally complex." *Cf. Agyeman*, 390 F.3d at 1103–04.

### D. Plaintiffs' Motion to Seal Does Not Comply with Local Civil Rule 5(g)

Finally, Plaintiffs have filed a motion to seal the case, or "at least [their] written statements." Dkt. No. 10; *see also* Dkt. No. 5 at 9–19 (Plaintiffs' "written statements"). Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Accordingly, when a district court considers a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (cleaned up). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

The standard for determining whether to seal a record depends on the filing with which the sealed record is associated and whether such filing is "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098–1102 (9th Cir. 2016). If the filing at issue is more than tangentially related to the merits of the case, the court must apply the "compelling reasons" standard to the motion to seal. *See id.* If the filing is only tangentially related to the merits, the party seeking to seal the records need only show "good cause." *See id.*

Additionally, in the Western District of Washington, parties moving to seal documents must comply with the procedures established by Local Civil Rule 5(g). Under that rule, the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the

ORDER DENYING MOTIONS AND DISMISSING COMPLAINT - 8

legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B).

Here, Plaintiffs "[r]equest to have [their] case sealed or at least [their] written statements sealed" for "[their] protection." Dkt. No. 10 at 1. This conclusory explanation does not satisfy the requirements of Local Civil Rule 5(g). *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (pro se litigants "are subject to the same procedural requirements as other litigants").

The Court therefore denies without prejudice Plaintiffs' motion to seal. The Court reminds Plaintiffs that materials to assist pro se litigants are available on the United States District Court for the Western District of Washington's website, including a Pro Se Guide to Filing Your Lawsuit in Federal Court. https://www.wawd.uscourts.gov/representing-yourself-pro-se. Despite the leeway afforded to them, pro se litigants must comply with case deadlines, the Federal Rules of Civil Procedure, and the Western District of Washington's Local Civil Rules, which can also be found on the Western District of Washington's website.

### III.  CONCLUSION

For the foregoing reasons, the Court DISMISSES Plaintiffs' complaint, Dkt. No. 5, with limited leave to amend as described above. The Court also DENIES Plaintiffs' motion for protection, motion for discovery, request for court-appointed counsel, motion to seal, and motion to compel. Dkt. Nos. 6–7, 9–10, 12. Plaintiffs' amended complaint, should they choose to file one, must be legible and must provide a short and plain statement of the factual basis of Plaintiffs' claim as required by Federal Rule of Civil Procedure 8. A timely filed amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant, the claim asserted, the specific facts that Plaintiffs believe support the claim, and the specific relief

requested. If Plaintiffs do not file a proper amended complaint by February 11, 2025, this action will be dismissed with prejudice.

Dated this 21st day of January, 2025.

Lauren King
United States District Judge

ORDER DENYING MOTIONS AND DISMISSING COMPLAINT - 10