1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LONI NICOLE GRANGER et al., | CASE NO. 2:24-cv-01946-LK |
| Plaintiffs, | ORDER DISMISSING AMENDED COMPLAINT |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION et al., | |
| Defendants. | |

This matter comes before the Court sua sponte. On January 21, 2025, this Court dismissed Plaintiffs Loni Nicole Granger and Casey Michael Granger's complaint, Dkt. No. 5, for failure to state a claim. *See generally* Dkt. No. 15. In that Order, the Court determined that Plaintiffs failed to adequately allege subject matter jurisdiction or to state claims under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Dkt. No. 15 at 4–5. The Court also dismissed with prejudice Plaintiffs' claims against the FBI and Jacob Danesi (who is allegedly the Sheriff of Galveston County, Texas) under criminal statutes and against the FBI under *Bivens*. *Id.* at 4–5. The Court granted Plaintiffs limited leave to amend by February 11,

2025: "this Order limits Plaintiffs to the filing of an amended complaint that attempts to cure the specific deficiencies identified in this Order. They may not reallege the claims that have been dismissed with prejudice against the FBI and Danesi." *Id.* at 6, 9–10. The Court cautioned Plaintiffs that, should they choose to file an amended complaint, "they must clearly identify the basis for this Court's subject matter jurisdiction" and "identify the basis for venue in the Western District of Washington." *Id.* at 6. The Court also reminded Plaintiffs that "any amended complaint must clearly identify the defendant, the claim asserted, the specific facts that Plaintiffs believe support the claim, and the specific relief requested." *Id.* at 9–10. Finally, the Court warned Plaintiffs that if they did not "file a proper amended complaint by February 11, 2025, this action will be dismissed with prejudice." *Id.* at 10.

Plaintiffs followed almost none of the Court's directives. They did not file an amended complaint by February 11, 2025, instead waiting—without explanation and without seeking an extension of time—until April 18, 2025 to do so. Dkt. No. 16. Instead of identifying the defendants, the amended complaint fails to name *any* defendant. *See generally id.* And although Plaintiffs purport to readvance claims under 42 U.S.C. § 1983, alleging that their rights under the First, Fourth, and Fourteenth Amendments were violated, and that "Federal Civil Rights Laws" were also violated based on "[c]onspiracy to interfere with civil rights and systemic negligence," *id.* at 1–2; *see also* Dkt. No. 5 at 5 (original complaint alleging claims pursuant to Section 1983), they fail to identify any defendant acting under color of state law or set forth the specific facts that they believe support the claims, despite the Court's prior instructions, Dkt. No. 15 at 4, 6, 9–10.

These are not the only violations of the Court's prior directives. The Court previously dismissed the Plaintiffs' *Bivens* and Section 1983 claims against the FBI with prejudice. *Id.* at 4–5. Despite this, the substance of the amended complaint suggests that Plaintiffs are still attempting to raise their Section 1983 claim against the FBI: Plaintiffs allege that they have experienced

"[n]egligence and willful obstruction by federal agencies, especially the FBI, after multiple direct reports," Dkt. No. 16 at 1, complain that they "approached the FBI on five separate occasions" concerning "worsening harassment" they experienced, *id.* at 1–2, and seek as relief a "[f]ederal investigation into gang stalking and forged contracts," *id.* at 3. The Court previously explained that to the extent the relief Plaintiffs seek is premised on the notion that the FBI had a non-discretionary duty to help them, they had not identified a legal basis for such relief. Dkt. No. 15 at 5 (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196–97 (1989) ("[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual"; accordingly, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."); *Piechowicz v. United States*, 885 F.2d 1207, 1214 n.9 (4th Cir. 1989) (holding that *DeShaney* "applies equally in a suit against the United States, given the Supreme Court's essentially identical interpretations of the concept under the [Fifth and Fourteenth] [A]mendments")). Plaintiffs were not permitted to re-allege their Section 1983 claim against the FBI, and they still fail to identify any basis for a claim against it.

Finally, the only facts alleged in support of Plaintiffs' claims are so vague that they do not even rise to the level of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For example, Plaintiffs allege as follows:

> We allege prolonged and targeted violations of our constitutional rights, safety, and liberty through organized harassment, psychological warfare, electronic tampering, and neglect by law enforcement.
>
> II. SUMMARY OF ALLEGATIONS
>
> - Ongoing surveillance and gang stalking since 2019, including tracking, psychological manipulation, and public harassment.

- Targeted electronic tampering, including real-time data interference, relationship sabotage, and AI-assisted behavioral mimicry.

- Forged contracts in Loni Granger's name through platforms such as Arise.com and Rise.net.

- Negligence and willful obstruction by federal agencies, especially the FBI, after multiple direct reports.

- Homelessness as a consequence of systemic pressure, sabotage, and employment disruption.

- Procedural dismissal of previous civil rights case, despite presenting substantial evidence of abuse.

Ill. FACTUAL BACKGROUND

1. Targeted Since 2019

We became aware of organized surveillance and harassment tactics in 2019 ...

2. Flight from Houston & FBI Neglect (2024)

In 2024, after enduring worsening harassment in Houston, we approached the FBI on five separate occasions ...

3. Seattle Escalation

Upon arriving in Seattle, the gang stalking became more aggressive ...

4. Forged Documents & Financial Exploitation

Without her knowledge, Loni's identity was used in multiple contracts ...

5. Psychological Warfare & Relationship Sabotage

Sophisticated tactics have been used to destabilize our relationship ...

6. Living Under Interstate 5 in Seattle

We are currently unhoused and surviving in high-risk conditions ...

Dkt. No. 16 at 1–2. The Supreme Court has stated that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Based on the fantastical allegations in Plaintiffs' pleadings, the Court finds that Plaintiffs' complaints are factually frivolous.[1]

---

[1] Although Plaintiffs filed another proposed amended complaint on April 26, 2025 that names numerous defendants in the caption, Dkt. No. 20-1 at 1, and purports to bring claims under Section 1983 and the Racketeer Influenced and Corrupt Organizations Act, it fails to cure any of the above-listed deficiencies. In contravention of the Court's

1    For the foregoing reasons, the Court DISMISSES Plaintiffs' Amended Complaint with

2  prejudice, and DENIES their Motion to Amend, Dkt. No. 20. It further DENIES their Motion for

3  a Protective Order, Dkt. No. 17, as moot.

4    Dated this 29th day of April, 2025.

5

6    Lauren King
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21
_____

22  directives to "identify the basis for venue in the Western District of Washington," "clearly identify the defendant,"
    and set forth "the specific facts that Plaintiffs believe support the claim, and the specific relief requested," Dkt. No.

23  15 at 6, 9–10, Plaintiffs' proposed second amended complaint states only that "[t]his action arises from an unlawful
    and ongoing enterprise involving stalking, harassment, illegal surveillance, identity manipulation, fraud, false arrests,
    emotional sabotage, and systematic attempts to destroy Plaintiffs' lives, freedom, and safety across multiple states

24  over a period beginning in approximately 2012 and continuing through the present," Dkt. No. 20-1 at 1.

ORDER DISMISSING AMENDED COMPLAINT - 5