UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LONI NICOLE GRANGER et al., | CASE NO. 2:24-cv-01946-LK |
| Plaintiff, | MINUTE ORDER |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION et al., | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable Lauren King, United States District Judge:

The Court grants Plaintiffs' request for reconsideration, Dkt. No. 32, of the Court's prior minute order, Dkt. No. 31. The Supreme Court denied Plaintiffs' petition for a writ of certiorari on February 23, 2026, so this Court again has jurisdiction over the case. *See* Supreme Court Case No. 25-6398, Feb. 23, 2026 order, *available at* https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/25-6398.html.

MINUTE ORDER - 1

On April 29, 2025, the Court dismissed Plaintiffs' amended complaint, finding that it was "factually frivolous." Dkt. No. 22 at 4–5. The Court entered judgment against Plaintiffs. Dkt. No. 24. The Ninth Circuit affirmed the dismissal on the same grounds, and the Supreme Court denied certiorari. Dkt. Nos. 27–29; Supreme Court Case No. 25-6398, Feb. 23, 2026 order.

On May 28, 2026, Plaintiffs filed a motion for relief from judgment. Dkt. No. 30. Pursuant to Federal Rule of Civil Procedure 60(b)(2), (3), and (6), they request that the Court (1) re-open the case to address "newly discovered evidence and records integrity issues," (2) "authorize limited discovery" into four categories of records, (3) grant leave to amend their complaint, (4) enter emergency injunctive relief regarding Defendants' alleged actions, (5) enter a protective order "requiring preservation of evidence," (6) order the parties to confer regarding Plaintiffs' access to housing, (7) enter a "preservation order" to preserve records, and (8) permit exhibits to be filed under seal or with redactions. *Id.* at 1–2.

Under Rule 60(b)(2), (3), and (6), the Court may relieve a party from a final judgment due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(2), -(3), -(6). Plaintiffs' motion for relief from judgment does not make such a showing: they contend that newly obtained evidence warrants reopening the case, but do not explain how this evidence relates to their dismissed complaint or why it could not have been obtained earlier, do not argue that fraud or misconduct by an opposing party has harmed them, and do not otherwise present a reason for relief. *See generally* Dkt. No. 30. Instead, the motion consists of similar "fantastical allegations" that the Court previously found were "factually frivolous." Dkt. No. 22 at 4.

For the reasons stated above, the Court GRANTS Plaintiffs' motion for reconsideration, Dkt. No. 32, but DENIES their Rule 60(b) motion for relief from judgment, Dkt. No. 30.

Dated this 17th day of June, 2026.

Joshua C. Lewis
Clerk

*/s/Natalie Wood*
Deputy Clerk

MINUTE ORDER - 3